**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 03:45 PM May 22, 2015**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| EDGAR R. WEARS AND | ) | CASE NO. 12-60477 |
| JENNIFER A. WEARS, | ) | |
| | ) | JUDGE RUSS KENDIG |
| Debtors. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |

Before the court is a Motion for Judicial Lien Release filed by Debtors on March 25, 2015. No objections were filed. The court took the matter under advisement *sua sponte*.

The court has subject matter jurisdiction of this matter under 28 U.S.C. § 1334(b) and the order of reference, General Order 2012-7, dated April 4, 2012. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper. This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

Debtors filed a chapter 13 case on February 24, 2012 and disclosed ownership of a 1997 Chevrolet Blazer, valued at $1,450.00. OneMain Financial ("OneMain") was listed as a secured creditor on the loan with a balance of $17,084.00. Debtors' confirmed plan crammed down the

loan, paying a secured value of $1,450.00 at 5.25% interest, with the balance to be paid as an unsecured debt. The proposed distribution to unsecured creditors was twelve percent (12%).

OneMain never filed a proof of claim or otherwise appeared in the case. On October 11, 2012, the chapter 13 trustee ("Trustee") modified the plan to eliminate payments to OneMain and distribute its share of the chapter 13 plan payments pro-rata to unsecured creditors. No objections were filed.

Debtors completed their plan payments and the case was discharged on April 24, 2015. Prior to discharge, Debtors filed a motion to strip the lien from the title of the 1997 Blazer on the basis that the creditor failed to file a proof of claim. Debtors cited no legal authority for the request.

## **DISCUSSION**

Section 506(d)(2) of the Bankruptcy Code is directly relevant to Debtors' motion. In applicable part, it states:

> (d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless—
>
> \* \* \*
>
> (2) such claim is not an allowed secured claim due only to the failure of an entity to file a proof of claim under section 501 of this title.

11 U.S.C. § 506(d)(2). Unfortunately for Debtors, this provision means that OneMain's failure to file a proof of claim is not a basis to invalidate the lien.

Additionally, the court finds that the secured claim was an allowed secured claim per the terms of the confirmed plan. Where cram-downs are concerned, the court's long form plan, adopted via Administrative Order 11-3 on November 17, 2011, provides that

> Secured creditors listed herein are to be crammed down and hold a secured claim only to the extent of the value indicated below and an unsecured claim for the balance.
>
> \* \* \*
>
> *Claims listed in this paragraph E7 are not subject to contrary proofs of claim and creditors objecting to the date incurred, collateral description, monthly payments, secured value or interest rate must file timely objections to confirmation of the*

2

> *plan or be barred thereafter as treatment is absolute upon con-*
> *formation, except statutory tax liens, which will be paid as*
> *allowed.*

(Ch. 13 Form Plan ¶ E7)   These provisions create an allowed secured claim for the secured value listed in the plan.

Finally, Debtors' motions disregards the weight of authority that concludes the failure to file a proof of claim does not impact a creditor's lien rights.  Oudomsouk v. Bank of Am., N.A. (In re Oudomsouk), 483 B.R. 502, 507 (M.D. Tenn. 2012); Shelton v. CitiMortgage, Inc. (In re Shelton), 735 F.3d 747 (8th Cir. 2013); In re Pajian, 2015 WL 2182951 (7th Cir. 2015) (reporter citation not yet available).   It is distribution that is impacted by a lack of claim. *See* Oudomsouk at 507; Pajian at * 3.

Based on the above, Debtors' motion is not well-taken. An order denying the motion will be issued immediately.

#     #     #

**Service List:**

Mitchell A Machan
3810 Tuscarawas St W
Canton, OH 44708

Edgar R. Wears
Jennifer A. Wears
1632 - 6th Street SW
Canton, OH 44706

Toby L Rosen
400 W Tuscarawas St
Charter One Bank Bldg, 4th Floor
Canton, OH 44702